UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

**NOT FOR PUBLICATION**

| | |
|---|---|
| HALNERY PERALTA, <br><br> Plaintiff, <br><br> v. <br><br> RAGAN & RAGAN, P.C.; FIRST PORTFOLIO VENTURES I, LLC, <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br><br> No. 1:22-CV-01660-KMW-MJS <br><br> **OPINION** |

Benjamin J. Wolf, Esquire
Joseph K. Jones, Esquire

    *Counsel for Plaintiff Halnery Peralta*

Monica M. Littman, Esquire
Richard J. Perr, Esquire

    *Counsel for Defendants Ragan & Ragan, P.C.*
    *and First Portfolio Ventures I, LLC*

**WILLIAMS, District Judge:**

**I.   INTRODUCTION**

    Before the Court is the Motion of Defendants Ragan & Ragan, P.C. and First Portfolio Ventures I, LLC (collectively, "Defendants"), to dismiss the Class Action Complaint of Plaintiff Halnery Peralta ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth below, Defendants' Motion is denied.

## II. BACKGROUND

Plaintiff, on behalf of herself and others similarly situated, initiated the underlying action by filing a Class Action Compliant (the "Complaint"). (ECF No. 1). Plaintiff allegedly incurred a financial obligation to Bluestem Brands, Inc. ("Bluestem"), and then subsequently defaulted on that obligation. *See* Compl. ¶¶ 21, 30. Following said default, Defendant First Portfolio Ventures I, LLC ("First Portfolio") purchased Plaintiff's obligation. *See id.* ¶ 30. Thereafter, First Portfolio, either directly or through an agent, referred Plaintiff's obligation to Co-Defendant Ragan & Ragan, P.C. ("R&R") for purposes of collecting on the obligation. *See id.* ¶ 31. Thereafter, on January 7, 2022, Defendants initiated a lawsuit against Plaintiff in New Jersey state court in an attempt to collect on Plaintiff's obligation; a copy of the state court compliant (the "Collection Complaint") was served on Plaintiff as a matter of course. *See id.* ¶ 35; *see also id.*, Ex. A.

After receiving a copy of the Collection Complaint, Plaintiff filed the present action. Plaintiff alleges that First Portfolio impermissibly purchased and attempted to collect on Plaintiff's obligation without first obtaining a license as a "consumer lender" or "sales finance company" from the New Jersey Department of Banking and Insurance ("NJDOBI"), as required under the New Jersey Consumer Finance Licensing Act ("NJCFLA"). *See* N.J. Stat. Ann. § 17:11C-3. Plaintiff further alleges that the Defendants' attempts to collect on her obligation consequently violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, by misrepresenting that First Portfolio had the right to purchase and collect on the obligation when, in fact, it did not. In addition, Plaintiff also alleges that Defendants' failure to itemize or breakdown the amount of her obligation constituted a separate violation of the FDCPA.

### III.  STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

### IV.  DISCUSSION

The FDCPA protects against abusive debt collection practices "by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices." *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (citing 15 U.S.C. §§ 1692b–j). Among other things, the FDCPA

prohibits debt collectors from using "any false, deceptive, or misleading representation or means"; from falsely representing "the character, amount or legal status of any debt"; and from "threat[ening] to take any action that cannot legally be taken." 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10); *see also id.* § 1692f (prohibiting the use of "unfair or unconscionable means" to collect a debt). Most significantly, the FDCPA authorizes private civil actions against debt collectors who engage in any of these prohibited practices. *See id.* § 1692k(a); *see also Barbato v. Greystone All.*, LLC, 916 F.3d 260, 264 (3d Cir. 2019).

To state a claim under the FDCPA, a plaintiff must allege that (1) she is a consumer; (2) the defendant is a debt collector; (3) the defendant's challenged practice involves an attempt to collect a "debt," as defined by the FDCPA; and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *Thomas v. John A. Youderian Jr., LLC*, 232 F. Supp. 3d 656, 671 (D.N.J. 2017).

Here, Defendants seek dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6), submitting various arguments that First Portfolio is exempt from the NJCFLA's licensing requirements. Thus, Defendants' Motion implicates only the fourth prong of Plaintiff's FDCPA claim—whether Plaintiff has sufficiently alleged that Defendants have violated the FDCPA. The Court addresses each of Defendants' arguments in turn.

### A. Lack of Licensing

#### 1. *Definitional Exemption*

"Courts in this district have determined that a debt collector's failure to obtain a license pursuant to the NJCFLA may constitute a violation of the FDCPA." *Valentine v. Unifund CCR, Inc.*, No. 20-CV-5024, 2021 WL 912854, at *4 (D.N.J. Mar. 10, 2021); *see also Lopez v. Law Offices of Faloni & Assocs., LLC*, No. 16-1117, 2016 WL 4820629, at *5 (D.N.J. Sept. 14, 2016)

4

("[A] debt collector's representation in a collection complaint that it had the right to collect a debt when, in fact, it lacked the license required to initially purchase the debt, would violate, at minimum, FDCPA section e(10).")

The NJCFLA provides, in pertinent part, that "[n]o person shall engage in business as a consumer lender . . . without first obtaining a license or licenses under this act." N.J.S.A. § 17:11C-3(a). A "consumer lender" is defined in the NJCFLA as a person licensed or a person who should be licensed to engage in the consumer loan business. *See id.* § 17:11C-2. The "consumer loan business" is defined by the NJCFLA to mean "the business of making loans of money, credit, goods or things in action, which are to be primarily used for personal, family or household purposes in the amount or value of $50,000 or less." *Id.* Further, the NJCFLA states that "[a]ny person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business" *Id.*

Defendants do not dispute that a debt collector's failure to comply with the NJCFLA's licensing requirements may constitute a violation of the FDCPA. Rather, Defendants argue that Plaintiff's FDCPA claim fails as a matter of law because First Portfolio does not engage in the "consumer loan business," and that it is thus not a "consumer lender" requiring licensing under the NJCFLA. For this proposition, Defendants cite to and rely on an unpublished decision of the New Jersey Superior Court (Law Division), in which the court determined that a debt buyer was not a "consumer lender" within the meaning of the NJCFLA. *See Woo-Padva v. Midland Funding LLC*, 2022 WL 267938, (N.J. Super. Ct. Law Div. Jan. 21, 2022). However, the Honorable District Court Judge William J. Martini recently rejected the reasoning of *Woo-Padva*, as well as the very argument that Defendants attempt to make here. *See Valentine v. Mullooly, Jeffrey, Rooney &*

*Flynn LLP*, No. 2:20-CV-14152 (WJM), 2022 WL 2473434, at *4 (D.N.J. July 6, 2022). This Court agrees with the reasoning set forth in *Valentine*, and finds that *Woo-Padva* "is neither binding nor necessarily persuasive in this Court's determination that [First Portfolio] is a consumer lender" under the NJCFLA. *Id.* (internal quotation marks omitted).

The Court therefore finds that the Complaint states a plausible FDCPA claim based on First Portfolio's alleged failure to obtain a license under the NJCFLA. The Complaint alleges that First Portfolio is "a consumer lender," as defined by the NJCFLA, and that it "is in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amount of $50,000 or less." Compl. ¶¶ 44–45. It is further alleged that First Portfolio did not "obtain the appropriate license under the [NJCFLA]," and that it was thus prohibited from purchasing and attempting to collect on Plaintiff's obligation. *Id.* ¶¶ 56–59. Lastly, the Complaint alleges that Defendants' Collection Complaint "would mislead the least sophisticated consumer to believe that [they] could legally attempt to collect [her] debt." *Id.* ¶¶ 68. These allegations are sufficiently plausible to make out a claim under the FDCPA, and Defendants' Motion to Dismiss on this basis is therefore denied.[1] *See Tompkins v. Selip & Stylianou, LLP*, No. 18-12524, 2019 WL 522143, at *4 (D.N.J. Feb. 11, 2019) ("The Court therefore finds that the Complaint states a plausible FDCPA claim based on RAB's failure to obtain a license pursuant to the consumer lender provision of the NJCFLA.")

---

[1] Defendants have also argued for dismissal on the basis that First Portfolio is not a "sales finance company" under the NJCFLA. However, "[b]ecause the Court finds that Plaintiff plausibly states a claim under the FDCPA based on [her] theory that [First Portfolio] was subject to NJCFLA licensing requirements as a consumer lender, the Court need not wade into superfluous interpretation of state law to determine whether [First Portfolio] was further subject to the NJCFLA as a sales finance company." *Tompkins v. Selip & Stylianou, LLP*, No. 18-12524, 2019 WL 522143, at *4 (D.N.J. Feb. 11, 2019).

### 2. *Registration Exemption for FDIC Institutions*

In the alternative, Defendants seek dismissal of the Complaint on the grounds that the NJCFLA—when read in conjunction with certain regulatory changes issued by the Federal Deposit Insurance Corporation ("FDIC") and the Office of the Comptroller of the Currency ("OCC")—bestows on it a licensing exception.

The NJCFLA provides an exception to its licensing requirements, stating that a depository institution, among other entities, "may conduct consumer loan business without obtaining a license under this act and without being subject to this act." N.J. Stat. Ann. § 17:11C-6. Defendants argue that First Portfolio, as a successor-in-interest of Plaintiff's obligation, has effectively inherited this exception. For this proposition, Defendants point to various federal rules promulgated by the FDIC and OCC for the proposition that "subsequent purchasers of paper from a national bank are afforded the same rights and privileges as the national bank when it comes to enforcing the collectability of the paper." Defs.' Br. at 22 (citing 85 Fed. Reg. 33530, 33531; 12 C.F.R. § 331.4). To this end, Defendants attempt to submit evidence that Plaintiff's obligation originated with "WebBank," a purported federal depository institution, and that First Portfolio's eventual acquisition of Plaintiff's obligation means that it has, in effect, inherited an exception to the NJCFLA's licensing requirement.

Ignoring for a moment that Defendants attempt to submit evidence at a stage of the proceedings where it does not belong, it appears that Defendants advance arguments that are identical to those previously made by other defendants concerning the NJCFLA's applicability. *Valentine v. Unifund CCR, Inc.*, No. 20-CV-5024, 2021 WL 912854, at *4 (D.N.J. Mar. 10, 2021) ("Valentine I") (holding that OCC rule did not affect licensing requirements in New Jersey as applied to loan purchaser); *Valentine v. Mullooly, Jeffrey, Rooney & Flynn LLP*, No. 2:20-CV-

7

14152, 2022 WL 2473434, at *3 (D.N.J. July 6, 2022) ("Valentine II") (rejecting identical argument and incorporating reasoning of *Valentine I*).

Because other courts in this District have rejected the very same arguments that Defendants attempt here, the Court declines to devote any further discussion to them. Defendants have not pointed to any reason, much less a persuasive one, to depart from these decisions. Therefore, the Court incorporates into its decision here the findings and analysis of *Valentine I* and *Valentine II*, and denies Defendants' Motion on the same grounds. *See id.*[2]

### B. Failure to Itemize Debt

Next, Plaintiff also alleges that Defendants violated the FDCPA for failing to itemize the balance of the obligation in the Collection Complaint. Specifically, Plaintiff alleges that—although the Defendants indicated in the Collection Complaint the specific amount owed—they did not disclose any information about whether interest has accrued or is continuing to accrue on Plaintiff's obligation. As such, Plaintiff argues that these deficiencies were deceptive and misleading under § 1692e, and thus constituted a separate violation of the FDCPA.

"Lender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal quotation marks omitted). Significantly, the least-sophisticated-debtor standard is not a reasonable-debtor standard: "[a] communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Id.* (internal quotation marks omitted). Even so, the former still does not impose liability

---

[2] Defendants separately argue that, even if First Portfolio must be licensed under the NJCFLA, it "is a matter of state law" and is thus "not actionable under the FDCPA." Defs.' Br. at 10. Here too, this same argument was advanced in *Valentine I* and *Valentine II*, and was duly rejected. *See Valentine I*, 2021 WL 912854, at *4; *Valentine II*, 2022 WL 2473434, at *3. For the same reasons expressed in those cases, the Court rejects Defendants' arguments here.

based on "bizarre or idiosyncratic interpretations" of communications. *Id.* (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)) (internal quotation marks omitted). Indeed, "[e]ven the least sophisticated debtor possess[es] some common sense." *Campuzano–Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 301 (3d Cir. 2008). Thus, when addressing claims under § 1692e, courts consider whether an allegedly deceptive communication "can be reasonably read [by the least sophisticated debtor] to have two different meanings, one of which is inaccurate." *Rosenau*, 539 F.3d at 223 (internal quotation marks omitted).

In their Motion to Dismiss, Defendants argue that there is nothing in the text of the FDCPA that requires a debt collector to itemize the debt being collected. Further, Defendants cite to, among other authorities, *Fike v. Portfolio Recovery Assocs., LLC*, for the proposition that the "FDCPA does not require the itemization of [an] obligation to comply with 15 U.S.C. § 1692e." Defs.' Br. at 11 (citing *Fike*, No. 19-144, 2020 WL 5747811, at *2 (W.D. Pa. Sept. 25, 2020)). This is not quite right. The court in *Fike* recognized that the FDCPA does not contain any express requirement for a debt collector to itemize a debt being collected. However, this observation was contained in *dicta*. Notably, the court held that Plaintiff could not premise an alleged FDCPA claim on an alleged violation of Rule 3001 of the Federal Rules of Bankruptcy Procedure, which requires an itemized statement of any claim seeking "pre-bankruptcy interest, fees, expenses, or other charges." *See id.*; *see also* Fed. R. Bank. P. 3001(c)(2)(A). The court in *Fike* did not hold, as Defendants appear to suggest, that the failure to disclose specific details concerning an outstanding debt can never be, as a matter of law, deceptive or misleading under § 1692e. Rather, it is clear that this determination must be made with reference to the least-sophisticated-debtor standard—a fact-dependent consideration that cannot be resolved on a motion to dismiss. *See Rosenau*, 539 F.3d at 223.

9

At this stage of the proceedings, the Court finds that Plaintiff has alleged sufficient factual matter to make out a claim under § 1692e of the FDCPA for alleged failures to disclose important details concerning the Plaintiff's debt obligation. Defendants' Motion is therefore denied.[3]

### C. New Jersey Litigation Privilege

Lastly, Defendants argue that Plaintiff's claim should be dismissed because New Jersey's "litigation privilege" prohibits Plaintiff from asserting a claim based upon the underlying state court action. The litigation privilege "functions as a form of civil immunity" to protect an attorney, litigant, or other participant authorized by law "from civil liability arising from words he has uttered in the course of judicial proceedings." *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 317 (3d Cir. 2014) (quoting *Loigman v. Twp. Comm. of Twp. Of Middletown*, 889 A.2d 426, 433 (N.J. 2006)) (internal quotation marks omitted). The privilege ensures that "[s]tatements by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability." *Peterson v. Ballard*, 679 A.2d 657, 659 (N.J. Super. Ct. App. Div. 1996).

Defendants' reliance on New Jersey's litigation privilege to absolve it of liability is unpersuasive for at least two reasons. First, the Third Circuit has already clarified that New Jersey's litigation privilege "does not absolve a debt collector from FDCPA liability." *Ogbin v. Fein, Such, Kahn & Shepard, P.C.*, 414 F. App'x 456, 458 (3d Cir. 2011). Second, the Complaint brings this action against R&R, not in its capacity as a legal advisor, but rather as a debt collector. *See* Compl. ¶ 11 (alleging that R&R is a debt collector "as that term is defined by 15 U.S.C.

---

[3] The Court declines to address Plaintiff's alternative theory of liability based on her contention that the Collection Complaint was deceptive or misleading insofar as it ostensibly can be construed to suggest that First Portfolio could charge interest on Plaintiff's debt, when it in fact had no such authority. As alleged, Plaintiff's claim is sufficient to move forward.

10

§1692(a)(6)," and that "it uses litigation and non-litigation methods in its attempts to collect debts"). Because New Jersey's litigation privilege does not apply to Plaintiff's claim here, Defendants' Motion is denied.

## V.   CONCLUSION

For all of the reasons articulated above, Defendants' Motion to Dismiss is denied.

Dated: December 30, 2022

> */s/ Karen M. Williams*
> KAREN M. WILLIAMS
> United States District Judge

11